UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| BECKY STOCKER, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 3:16-cv-69-TLS |
| EXTENDICARE HEALTH SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 7], filed on March 16, 2016. On January 22, 2016, the Plaintiff filed a three-count complaint against the Defendant, Extendicare Health Services, Inc.[1] [ECF No. 4]. On February 15, 2016, the case was removed to federal court, pursuant to 23 U.S.C. §§ 1332, 1441, and 1446. The Defendant then moved to dismiss the Complaint [ECF Nos. 7–8], pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that it fails to state any claim upon which relief may be granted. On April 4, 2016, the Plaintiff filed her Response [ECF No. 10]. On April 11, 2016, the Defendant filed its Reply [ECF No. 11]. With this matter now being fully briefed, the Defendant's motion is granted.

## COMPLAINT ALLEGATIONS

"[The Plaintiff] was actively recruited and hired by Extendicare to become the Nursing Home Administrator for the Ironwood Health and Rehabilitation Center, located in South Bend,

---

[1] Extendicare contends that it is not the proper defendant in this matter and that the Indiana Health and Rehabilitation Center should be the defendant. The Plaintiff has not amended her complaint or in any way responded to this contention.

Indiana." (Compl. ¶ 3, ECF No. 4.) The final employment agreement reached between the two parties "called for [the Plaintiff] to receive an annual salary of one-hundred and fifty thousand dollars . . . and [a] bonus of fifty thousand dollars . . . to be received at the end of her initial retention period of thirty-six months in her position as Nursing Home Administrator." (*Id.* ¶ 7.) After reaching this agreement, the Plaintiff relocated to South Bend from Tennessee, where she had also worked as a nursing home administrator. The Plaintiff began working at the Ironwood Health and Rehabilitation Center on October 17, 2012.

In 2013, "[the Plaintiff] was asked to cooperate with an ongoing investigation being conducted into Ironwood by the United States Drug Enforcement Administration (DEA) and the Office of the Indiana Attorney General . . . concerning activities that pre-dated [the Plaintiff's] employment, regarding alleged forged prescriptions and patient care issues." (*Id.* ¶ 12.) The Plaintiff agreed to cooperate with the investigation and discovered violations of safety protocols, health codes, patient care, privacy issues and mismanagement of employees and staff. Some of the violations the Plaintiff observed were "so extreme that they could be classified as illegal activity." (*Id.* ¶ 16.) The Plaintiff tried to bring the facility into compliance with the law after discovering the violations.

As the Plaintiff attempted to remedy the violations in her workplace, she was threatened and harassed by several employees at the facility. In January 2014, the Plaintiff emailed several members of the Human Resources Department about the harassment she experienced, but she received no assistance. Finally, on January 24, 2014, the Plaintiff emailed Tim Lukenda, the President of Extendicare, "documenting the ongoing retaliation and harassment she was incurring and the noncompliance/illegal conduct she had discovered at the facility." (*Id.* ¶ 23.) She was

terminated from her position two hours after she sent the email. The Plaintiff's Complaint alleges three counts: (1) that she was "terminated in retaliation for reporting illegal conduct being conducted in the facility and for her cooperation in the ongoing investigation into the facility" (*id.* ¶ 24) (Count I–Retaliatory Discharge); (2) that Extendicare has breached the contract by "terminating [the Plaintiff's] employment after fifteen months and [by refusing] to pay out the remainder of her salary . . . and applicable bonus" (*id.* ¶¶ 29–30) (Count II–Breach of Contract); and (3) that she was harmed as a result of her reasonable reliance on Defendant's promise of employment (Count III–Promissory Estoppel). Because the Plaintiff has conceded that her Complaint fails to state a claim for promissory estoppel, the Court only addresses her claims for retaliatory discharge and breach of contract.

## ANALYSIS

"A motion to dismiss pursuant to [Rule] 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court has jurisdiction over this case through diversity jurisdiction, 28 U.S.C. § 1332, therefore it "must apply the law of the state as it believes the highest court of the state would

3

apply it if the issues were presently before that tribunal." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). "When the state Supreme Court has not decided the issue, the rulings of the state intermediate appellate courts must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently." *Id.*

The Plaintiff's Complaint alleges that the Defendant breached the parties' contract and wrongfully terminated her through retaliatory discharge. The Court will determine the viability of each claim in turn, and given the Plaintiff's position regarding its promissory estoppel claim, that claim will be summarily addressed.

**A.     Breach of Contract (Count II)**

The Plaintiff alleges that she and the Defendant entered into a contract creating a 36-month term of employment with an annual salary of $150,000 and a one-time bonus of $50,000 that she would receive at the end of the employment term. She argues that the Defendant breached this contract by firing her.

The Defendant explains, as a preliminary matter, that it is not aware of a contract establishing a term of employment between the two parties and challenges the Plaintiff to attach a copy of the contract she claims formed the agreement. The Defendant then, through a series of arguments, contends that the Plaintiff's claim cannot succeed as alleged. Treating the Plaintiff's complaint allegations as true, the Defendant characterizes the Plaintiffs' contract as oral because the Plaintiff has not put forth any written agreement. As such, the Defendant asserts that the Statute of Frauds applies, meaning that a written contract must exist for the Plaintiff's breach of contract claim to be enforceable.

After asserting that a written contract is required, the Defendant argues that the Plaintiff

4

should have attached the alleged contract to the Complaint. In light of this purported failure by the Plaintiff, the Defendant argues that even if the breach of contract claim is not dismissed because the Plaintiff failed to attach anything in writing stating the employment relationship, the Defendant's attachment to its Motion to Dismiss precludes the Plaintiff's claim. The attachment, which the Defendant identifies as the Plaintiff's "signed employment offer letter," is the "only signed document containing her employment terms" that Extendicare has in its possession. (Def.'s Br. Supp. Mot. Dismiss 3, ECF No. 8.) Accordingly, the Defendant contends that the signed employment offer letter must be the agreement that the Plaintiff refers to in the Complaint. Based on this premise, the Defendant argues that the agreement does not establish a term of employment, but instead creates at-will employment. The Defendant then explains that, under Indiana law, termination of an at-will employee does not create grounds for a breach of contract claim. Nevertheless, the Defendant reiterates that, even if its other arguments fail, the Complaint should be dismissed because the Plaintiff failed to attach any contract to it.

1.  *Plaintiff's Allegations*

The Complaint describes an employment contract that creates a 36-month term of employment, during which the Plaintiff is entitled to an annual salary of $150,000 and a one-time bonus of $50,000 at the end of that term. The Defendant argues that this breach of contract claim is deficient because the Plaintiff must specify that the contract is in writing to overcome the Statue of Frauds. In response, the Plaintiff argues that it is not apparent on the Complaint's face

whether the Statute of Frauds applies to the described contract, but she is mistaken.[2] A contract containing the language the Plaintiff alludes to—a three-year term of employment and a bonus at the term's end—would have to be in writing to survive Indiana's Statute of Frauds. Ind. Code. § 32-21-1-1(b)(5) ("[A] person may not bring any of the following actions unless the . . . contract . . . is in writing and signed by the party against whom the action is brought . . . an action involving an agreement that is not to be performed within one (1) year from the making of the agreement."); *see also Wior v. Anchor Indus.*, 669 N.E.2d 172, 174–75 (Ind. 1996) (affirming summary judgment in defendant's favor where the contract was unenforceable because it was not reduced to writing, and concluding the plaintiff was employed at-will.).

Based on the Plaintiff's Complaint, the contract described is unenforceable under Indiana law by failing to overcome the Statute of Frauds, and federal procedure provides for this situation. Failure to attach a contract, which must be in writing to comply with the Statute of Frauds, is grounds for dismissal. *Strategic Mgmt. Harmony, LLC v. Enhanced Bus. Reporting Consortium, Inc.*, No. 4:05-cv-00180, 2007 WL 2316484, at *17 (S.D. Ind. Aug. 10, 2007) (assuming that the plaintiff's failure to attach the written contract or address it in the response brief was a concession that no written contract exists, thus enforcement was barred by the Statute of Frauds.)

---

[2]The Plaintiff also argues that a motion to dismiss is not the platform to make a Statute of Frauds defense and that the Defendant must wait until summary judgment to make such an argument. However, a party is permitted to raise an affirmative defense if the "affirmative defense is clear from the face of the complaint it may be asserted in a 12(b)(6) motion." *Strategic Mgmt. Harmony, LLC v. Enhanced Bus. Reporting Consortium, Inc.*, No. 4:05-cv-00180, 2007 WL 2316484, at *17 (S.D. Ind. Aug. 10, 2007); *see also Middelkamp v. Hanewich*, 364 N.E.2d 1024, 1029 (Ind. Ct. App. 1977) ("Pursuant to developing case law such matters in bar as the defense[] of . . . Statute of Frauds . . . may be raised on a motion to dismiss for failure to state a claim of relief, if such matters appear on the face of the complaint.") (internal citations omitted).

Accordingly, the Plaintiff's own representation that she had a 36-month term of employment requires that she present a written contract for her breach of contract claim to proceed. *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011) (recognizing that a plaintiff can "plead [herself] out of court by pleading facts that show that [she] has no legal claim"). Until then, Count 2 of the Complaint is dismissed.

## *2.     Defendant's Attached Letter*

Even if the Plaintiff's breach of contract claim may be dismissed based on the Statute of Frauds, the letter presented by the Defendant will be considered should the Plaintiff attempt to rely next upon that document.[3]

In response to the Plaintiff's allegations, and her failure to attach any purported contract to her Complaint, the Defendant presented with its Motion to Dismiss a letter that the Defendant sent to the Plaintiff on October 8, 2012. This letter contains details about the employment offer from Extendicare, including salary, benefits, and bonuses that the Plaintiff would receive by working for Extendicare. The Plaintiff signed the letter on a line that reads "[a]greed to and accepted." (Def.'s Br. Supp. Mot. Dismiss, Ex. A, at 1, ECF No. 8-1.) Defendant identifies this document as the Plaintiff's "signed employment offer letter," and reiterates that it is the "only signed document containing her employment terms" that Extendicare has in its possession.

---

[3] The Court also notes that by failing to attach the contract on which her breach of contract claim is based, the Plaintiff's Complaint fails to give the Defendant a reasonable notice of her claims. *Midwest Precision Mfg., Inc. v. PTG Heavy Indus. Ltd.*, 2012 WL 113805, at *3–4 (E.D. Wis. Jan. 13, 2012) ("[I]f the contract attached by [defendant] is not the one at issue, then [plaintiff] has failed to give sufficient notice of its claim in any event, likewise calling for dismissal."); *Curran v. JP Morgan Chase, N.A.*, 633 F. Supp. 2d 639, 644–45 (N.D. Ill. 2009) (same).

(Def.'s Br. Supp. Mot. Dismiss 3.)

Despite this, the Plaintiff did not attach any purported contract to her Response. Further, the Plaintiff does not admit or deny that the signed employment offer letter attached by the Defendant is the contract that she described in the Complaint. Instead, the Plaintiff argues that the Court should not consider the attached offer letter when deciding the Defendant's 12(b)(6) motion because when making a 12(b)(6) motion, "a movant [is not permitted to] use facts or evidence outside of the pleadings to contravene factual allegations contained within a complaint." (Pl.'s Resp. 2, ECF No. 10 (citing Fed. R. Civ. P. 12(d)).)

In most instances, the Plaintiff's argument would be correct, as Rule 12(d) requires that the Court either treat 12(b)(6) motions presenting matters outside the complaint as a motion for summary judgment under Federal Rule of Civil Procedure 56 or exclude the outside matters. However, exceptions to Rule 12(d) exist, including that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). This is a narrow exception to Rule 12(d) that applies to cases in which a contract must be interpreted, *id.*, because without it, "[a] plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach the document that would definitively prove the claim has no merit," *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). These concerns appear to be implicated in this case. Because the Plaintiff's Complaint references a contract with similar terms and this is central to the Plaintiff's claim, the signed employment offer letter falls under this exception.

The signed employment offer letter can establish one of two types of employment, "(1)

8

employment for a definite or ascertainable term; [or] (2) employment at-will." *Orr v. Westminster Vill. N.*, 689 N.E.2d 712, 717 (Ind. 1997). Employment at will is terminable at any time for "good reason, bad reason, or no reason at all." *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Meyers v. Meyers*, 861 N.E.2d 704, 706 (Ind. 2007)). Alternatively, if there is an employment contract for a definite term, the employer generally may not terminate the employment relationship before the end of the specified term, except for cause or by mutual agreement. *Orr.*, 689 N.E.2d at 717.

The only mention of an employment duration in the signed employment offer letter is the reference to a one-time $50,000 bonus after completing three years of employment and the "expectation . . . that [the Plaintiff] will complete at least 36 months of employment." (Def.'s Br. Supp. Mot. to Dismiss, Ex. A, at 1.) The letter indicates that "employment is at-will and that nothing herein shall be construed to be a contract of employment." (Def.'s Br. Supp. Mot. Dismiss, Ex. A, at 1.) Because the signed employment offer letter explicitly states that the employment is at-will, the Plaintiff was not guaranteed employment for a definite term. *Cf. Toam v. Verizon*, No. 1:06cv68, 2007 WL 570495, at *13–14 (N.D. Ind. Feb. 20, 2007) (granting summary judgment) (explaining that Verizon had no contractual duty to employ the plaintiff because the employment letter explicitly stated that the letter was not an employment contract and that employment was "at-will"). This lack of an actual duration of employment being promised means that the Plaintiff cannot bring a claim to recover the salary she would have received if she were not terminated.

Likewise, the letter explicitly states that a bonus is contingent upon the plaintiff having achieved "mutually acceptable prescribed outcomes." (Def.'s Br. Supp. Mot. Dismiss, Ex. A, at

9

1.) This is an offer of a discretionary bonus after a specified time of employment, and such an offer does not create a contractual right to receive the bonus. *Compare Lillien v. Peak6 Invs., L.P.*, 417 F.3d 667, 670–71 (7th Cir. 2005) (affirming summary judgment because the plaintiff was only eligible for a year-end discretionary bonus, which does not guarantee the employee the bonus), *with von Gonten v. Research Sys. Corp.*, 739 F.2d 1264, 1268 (7th Cir. 1984) (upholding directed verdict in favor of the plaintiff because the bonus he sought recovery for was guaranteed to vest). Therefore, the signed employment offer letter precludes the Plaintiff from recovering her salary and a bonus, and it does not save the Plaintiff's Complaint from dismissal.

**B.     Retaliatory Discharge (Count I)**

The Plaintiff also claims that she was "terminated in retaliation for reporting illegal conduct in the facility and for her cooperation in the ongoing investigation into the facility by the DEA and [the Indiana Attorney General]." (Compl. ¶ 25.) Accordingly, she argues that this is an example of retaliatory discharge actionable under the principles established by *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d. 425 (Ind. 1978). Even assuming that the Plaintiff's allegations are true, she fails to state a claim under which relief can be granted, thus her claim of retaliatory discharge will be dismissed.

Indiana courts have recognized three exceptions to the at-will doctrine. *Ogden v. Robertson*, 962 N.E.2d 134, 145 (Ind. Ct. App. 2012) (explaining exceptions exist when adequate independent consideration supports a contract, when a clear statutory expression of a right or duty is contravened, or when promissory estoppel can be invoked). The Plaintiff argues that the public policy exception, as outlined in *Frampton*, applies to her termination. In

*Frampton*, the court created a public policy exception to the at-will employment doctrine when it held that at-will employees must be protected from retaliatory termination for filing a worker's compensation claim. 297 N.E.2d at 252–53. This exception was expanded to prohibit employers from discharging an employee for refusing to commit an illegal act, for which they would be personally liable. *McClanahan v. Remington Freight Lines*, 517 N.E.2d 390, 393 (Ind. 1988) (permitting a truck driver to pursue a cause of action when discharged after refusing his employers' request to haul a load exceeding the legal limit). Despite this initial expansion, courts are reluctant to broaden the public policy exception to the employment at-will doctrine, and now require a Plaintiff to identify a clear statutory right or duty that his or her employer infringed upon before the exception can be invoked. *See Baker v. Tremco Inc.*, 917 N.E.2d 650, 654 (Ind. 2009). Failure to demonstrate a statutory source for an alleged right or an imposed duty is grounds for dismissal. *Campbell v. Eli Lilly & Co.*, 413 N.E.2d 1054, 1061 (Ind. Ct. App. 1980) (affirming summary judgment in favor of the defendant, and explaining that "to fall within a recognized exception to the employment at will rule, a plaintiff must demonstrate that he was discharged in retaliation for either having exercised a statutorily conferred personal right or having fulfilled a statutorily imposed duty in order to state a claim upon which relief may be granted"); *see also Bregin v. Liquidbet Sys.*, 548 F.3d 533, 537 (7th Cir. 2008) (affirming summary judgment in favor of the defendant because the plaintiff failed to indicate which statute established his right or duty).

For the Plaintiff to take advantage of this exception, she must identify the statutory right or duty she acted upon. The Plaintiff claims that she was fired because (1) she reported the illegal conduct she observed at the Extendicare facility; and (2) she cooperated in the investigation

conducted by the DEA and the Attorney General. Despite these claims, the Plaintiff fails to demonstrate any statutory right or duty that she was acting upon when she reported the conduct.[4] While it is possible that a statutory right or duty exists, the Plaintiff's failure to provide an example of either precludes the application of the public policy exception. *Campbell*, 413 N.E. 2d at 1061.

### C. Promissory Estoppel (Count III)

The Plaintiff conceded that this Count was not adequately pled and asked that it be dismissed without prejudice. The Defendant requested that it be dismissed with prejudice, but failed to provide any authority supporting its request. A dismissal with prejudice may be appropriate when it would be futile to allow the plaintiff to amend the complaint. *Simonian v. Edgecraft Corp*, No. 10 C 1263, 2010 WL 3781262, at *3 (N.D. Ill. Sept. 20, 2010). The Defendant has not shown that allowing the Plaintiff to amend the complaint would be futile and therefore, the Court dismisses this Count without prejudice.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 7]. The Court ORDERS that Counts I–III be DISMISSED

---

[4] Although the Plaintiff's Response cites a nonexclusive list of statutes under which she could have been implicated, she has failed to update her Complaint to indicate the statute upon which the right or duty she acted upon is derived. Without identifying a specific statute, the Court is unable to determine if *Frampton* applies. *See generally Geradot v. Life Care Ctrs. of Am.*, No. 1:15-CV-116, 2016 WL 1699010, at *2–4 (allowing the plaintiff to proceed on her claim because the plaintiff asserted she was acting upon a duty created by Indiana Code § 12-10-3-9).

WITHOUT PREJUDICE. Any amended complaint is to be filed by September 12, 2016.

SO ORDERED on August 8, 2016.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION