# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BECKY STOCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-69-TLS |
| | ) | |
| EXTENDICARE HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 16], filed on October 10, 2016. In response to this Court's Opinion and Order [ECF No. 12] of August 8, 2016, Plaintiff Becky Stocker amended her complaint against the Defendant, Extendicare Health Services, Inc.[1] The Defendant then moved to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that it fails to state any claim upon which relief may be granted. On November 10, 2016, the Plaintiff filed her Response [ECF No. 22]. On November 21, 2016, the Defendant filed its Reply [ECF No. 11]. With this matter now being fully briefed, the Defendant's motion is granted.

## COMPLAINT ALLEGATIONS

The factual allegations underlying the Amended Complaint are familiar to the Court. "[The Plaintiff] was actively recruited and hired by Extendicare to become the Nursing Home

---

[1] Once again, Extendicare contends that it is not the proper defendant in this matter and that the Indiana Health and Rehabilitation Center should be the defendant. The Plaintiff's Amended Complaint is the same as her initial one as to this contention, and she has not responded to this contention during briefing.

Administrator for the Ironwood Health and Rehabilitation Center, located in South Bend, Indiana." (Am. Compl. ¶ 3, ECF No. 16.) The final employment agreement reached between the two parties "called for [the Plaintiff] to receive an annual salary of one-hundred and fifty thousand dollars . . . and a bonus of fifty thousand dollars . . . to be received at the end of her initial retention period of thirty-six months in her position as Nursing Home Administrator." (*Id.* ¶ 7.) After reaching this agreement, the Plaintiff relocated to South Bend from Tennessee, where she had also worked as a nursing home administrator. The Plaintiff began working at the Ironwood Health and Rehabilitation Center on October 17, 2012. (*Id.* ¶ 10.)

In 2013, "[the Plaintiff] was asked to cooperate with an ongoing investigation being conducted into Ironwood by the United States Drug Enforcement Administration ("DEA") and the Office of the Indiana Attorney General . . . concerning activities that pre-dated [the Plaintiff's] employment, regarding alleged forged prescriptions and patient care issues." (*Id.* ¶ 12.) The Plaintiff agreed to cooperate with the investigation and discovered violations of safety protocols, health codes, patient care, privacy issues and mismanagement of employees and staff. Some of the violations the Plaintiff observed were "so extreme that they could be classified as illegal activity." (*Id.* ¶ 16.) Without notifying the investigators or reporting the violations, the Plaintiff allegedly would have been "criminally and civilly liable" for violation of "some or all of" the following federal laws: the Controlled Substances Act, Title XI of the Social Security Act, the False Claims Act, and HIPAA. (*Id.* ¶ 17.)

The Plaintiff tried to bring the facility into compliance with the law after discovering the violations. As the Plaintiff attempted to remedy the violations in her workplace, she was "subject to threatening and harassing behavior by [the Defendant's] employees and management." (*Id.* ¶ 19.) In January 2014, the Plaintiff emailed several members of the Human Resources

Department about the harassment she experienced, but she received no assistance. Finally, on January 24, 2014, the Plaintiff emailed Tim Lukenda, the President of Extendicare, "documenting the ongoing retaliation and harassment she was incurring and the noncompliance/illegal conduct she had discovered at the facility." (*Id.* ¶ 24.) She was terminated from her position two hours after she sent the email. The Plaintiff's Amended Complaint alleges a single count: that she was "terminated" and harassed . . . in retaliation for reporting illegal conduct being conducted in the facility and for her cooperation in the ongoing investigation into the facility." (*Id.* ¶¶ 26–27.)

## STANDARD OF REVIEW

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court must accept all of the factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Court has subject-matter jurisdiction over this case premised upon 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the citizenship of the parties is diverse—the Plaintiff is a citizen of Indiana and the Defendant is a Wisconsin company doing

3

business in Indiana.[2] As such, the Court "must apply the law of the state as it believes the highest court of the state would apply it if the issues were presently before that tribunal." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). "When the state Supreme Court has not decided the issue, the rulings of the state intermediate appellate courts must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently." *Id.*

In her Amended Complaint, the Plaintiff claims that she was "terminated in retaliation for reporting illegal conduct in the facility and for her cooperation in the ongoing investigation into the facility by the DEA and [the Indiana Attorney General]." (Compl. ¶ 25.) Accordingly, she argues that this is an example of retaliatory discharge actionable under the principles established by *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1978). As an initial matter, a *Frampton* claim for retaliation only applies to employees at will. *Frampton*, 297 N.E.2d at 428.

> [B]y the terms of a contract, whether it be written or verbal, where the contract is one for employment, and by its terms, the tenure of service cannot be determined, such contract is one at will, and may be terminated at any time, at the election of either party.

*Campbell v. Eli Lilly & Co.*, 413 N.E.2d 1054, 1060 (Ind. Ct. App. 1980) (quoting *Speeder Cycle Co. v. Teeter*, 48 N.E. 595, 596 (Ind. 1897)). The Plaintiff's allegations in the Amended Complaint show that she was an at will employee. The 36 months upon which the Defendant

---

[2] A corporation that is doing business in Indiana but incorporated in a different state is not a citizen of Indiana for diversity of citizenship purposes. *Ind. Dep't of State Revenue v. Mercantile Mortg. Co.*, 412 N.E.2d 1252, 1254 (Ind. Ct. App. 1980); 13F Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3623 (3d ed.) (instructing federal courts to look to the "relevant legislation of that state" in which the corporation is doing business to determine diversity of citizenship).

relies to argue that she was a term employee was not a contractual obligation, but rather the amount of time necessary for the Plaintiff to receive her contingent bonus.[3]

Employment at will is terminable at any time for "good reason, bad reason, or no reason at all." *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Meyers v. Meyers*, 861 N.E.2d 704, 706 (Ind. 2007)). However, Indiana courts have recognized three exceptions to the at-will doctrine. *Ogden v. Robertson*, 962 N.E.2d 134, 145 (Ind. Ct. App. 2012) (explaining exceptions exist when adequate independent consideration supports a contract, when a clear statutory expression of a right or duty is contravened, or when promissory estoppel can be invoked). The Plaintiff argues that the public policy exception, as outlined in *Frampton*, applies to her termination.

The court in *Frampton* created a public policy exception to the at-will employment doctrine when it held that at-will employees must be protected from retaliatory termination for filing a worker's compensation claim. 297 N.E.2d at 252–53. This exception was expanded to prohibit employers from discharging an employee for refusing to commit an illegal act, for which they would be personally liable. *McClanahan v. Remington Freight Lines*, 517 N.E.2d 390, 393 (Ind. 1988) (permitting a truck driver to pursue a cause of action when discharged after refusing his employers' request to haul a load exceeding the legal limit). Despite this initial expansion, courts are reluctant to broaden the public policy exception to the employment at-will doctrine, and now require a plaintiff to identify a clear statutory right or duty that his or her employer infringed upon before the exception can be invoked. *See Baker v. Tremco Inc.*, 917 N.E.2d 650, 654 (Ind. 2009). Failure to demonstrate a statutory source for an alleged right or an

---

[3] The Defendant changed its position from its first Motion to Dismiss, in which the Defendant argued that the Plaintiff was an at will employee in order to dismiss her breach of contract claim and acknowledged the same with regard to her retaliation claim. (*See* First Mot. Dismiss 6–9, 17, ECF No. 8.)

imposed duty is grounds for dismissal. *Campbell v. Eli Lilly & Co.*, 413 N.E.2d 1054, 1061 (Ind. Ct. App. 1980) (affirming summary judgment in favor of the defendant, and explaining that "to fall within a recognized exception to the employment at will rule, a plaintiff must demonstrate that he was discharged in retaliation for either having exercised a statutorily conferred personal right or having fulfilled a statutorily imposed duty in order to state a claim upon which relief may be granted"); *see also Bregin v. Liquidbet Sys.*, 548 F.3d 533, 537 (7th Cir. 2008) (affirming summary judgment in favor of the defendant because the plaintiff failed to indicate which statute established his right or duty).

The Plaintiff claims that she was fired because (1) she reported the illegal conduct she observed at the Defendant's facility; and (2) she cooperated in the investigation conducted by the DEA and the Attorney General. In its Order dated August 8, 2016, the Court dismissed her retaliation claim for failing to identify the statutory right or duty she acted upon. (Order 12 n.4, ECF No. 12.) In her Amended Complaint, the Plaintiff identifies the Controlled Substances Act, 21 U.S.C. § 841, and Title XI of the Social Security Act, 42 U.S.C. §§ 1301–1320d-8, as the statutory sources of her rights or duties that were contravened.[4] The Defendant argues that neither statute is covered by the public policy exception, that the allegations do not show that a statutory right was contravened in this case, and that the *Frampton* doctrine is inapplicable because the Plaintiff was not subject to personal liability and other remedies were available.

The Defendant's arguments are well-taken. As an initial matter, the Plaintiff has alleged that she was part of an ongoing investigation that "pre-dated [her] employment." (Am. Compl. ¶ 12.) However, her allegation that "[i]f [she] had neither complied with investigators nor reported

---

[4] Although the Plaintiff's Amended Complaint also identifies the False Claims Act, 31 U.S.C. §§ 3729–3733, and HIPAA, 42 U.S.C. § 1320, the Plaintiff disclaimed any reliance upon those statutes' rights or duties in her briefing on this Motion. (Resp. 6, ECF No. 22.)

violations" is merely a legal conclusion, as she offers no facts to explain how her behavior and these choices would have rendered her personally liable. (*Id.* ¶ 17.) Even assuming that these allegations put the Amended Complaint within *Frampton*'s ambit, the *Frampton* doctrine remains inapplicable.

Most federal courts, including this one, have predicted that "Indiana courts would not recognize a common law claim for wrongful discharge contrary to public policy (i.e., a public policy exception to the at will doctrine) where the underlying statute establishes its own remedies and procedures for discrimination and retaliatory discharge." *Chambers v. Walgreen Co.*, No. 2:09-CV-193, 2009 WL 3568659, at *2 (N.D. Ind. Oct. 26, 2009); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 503–04 (7th Cir. 1999) (rejecting the plaintiff's claim for exception to Indiana's employment at will doctrine because the Indiana legislature had created a specific statutory remedy for discharge of an employee who complained about health or safety issues in the workplace). "[U]nder Indiana law, to assert a claim for wrongful discharge, there must be no other remedy adequate to deter the employer's conduct." *Chambers*, 2009 WL 3568659, at *2 (quoting *Boyer v. Canterbury Sch., Inc.*, No. 1:04-CV-367, 2005 WL 2370232, at *5 (N.D. Ind. Sept. 27, 2005)).

Pursuant to the False Claims Act, 31 U.S.C. § 3730(h), the Plaintiff would have been authorized to bring an action in federal district court for the alleged retaliatory acts based on her observance of violations of the Controlled Substances Act and the Social Security Act. Additionally, 42 U.S.C. § 1320c-6 rendered the Plaintiff immune from liability for reporting Social Security Act violations to the Secretary. Since statutory remedies are available for the Plaintiff's alleged injuries, her common law claim for retaliation is not cognizable, and the

Amended Complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's Motion to Dismiss [ECF No. 16].

SO ORDERED on January 10, 2017.

                                               s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT
                                               FORT WAYNE DIVISION